# CASES

## ARGUED AND DETERMINED

### IN THE

# ST. LOUIS COURT OF APPEALS.

## OCTOBER TERM, 1877.

---

STATE OF MISSOURI, Respondent, *v.* GEORGE STERN, Appellant.

### October 23, 1877.

An information charging an offence, but not naming the person accused, is a nullity, and a defendant arrested upon a warrant issued under such information, upon his arraignment, is entitled to immediate release; and if his motion for dismissal be overruled, and he is held until a new information is filed, upon which he is convicted, such conviction will be set aside and the defendant discharged.

APPEAL from St. Louis Court of Criminal Correction.
*Judgment reversed and defendant discharged.*
REESE & HICKS, for appellant.
M. W. HOGAN, for respondent.

LEWIS, P. J., delivered the opinion of the court.

An information was filed in the Court of Criminal Correction, charging the offence of selling, exposing to sale, causing to be sold, etc., certain lottery tickets, but without naming the person accused. A blank space appeared where the name should be. A warrant was issued and served on the defendant, who, upon his arraignment, moved for a dis-

missal. His motion was overruled, and, upon a new information, filed by the prosecuting attorney, the defendant was tried and convicted.

The first information was a nullity. When the defendant moved for a dismissal, he was entitled to immediate release. The forms of law by which alone the courts are authorized to restrain the liberty of the citizen are, under our institutions, as essential as any considerations of guilt or innocence. The defendant is here entitled to be restored to all that he has lost by the error of the court wherein he was arraigned. The judgment is reversed and the defendant discharged. All the judges concur.